UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

The Property Advocates, P.A.,             Case No. 23-16797-RAM

    Debtor-In-Possession.                 Chapter 11

_____/

## TRUSTEE DILLWORTH'S MOTION TO COMPEL THE PROPERTY ADVOCATES, P.A. TO COMPLY WITH SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM*

Drew M. Dillworth, trustee (the "Trustee") for the Chapter 7 bankruptcy estate of Mendiola Group, Inc. ("Mendiola Group") Case No. 24-11169-CLC (the "Chapter 7"), by and through undersigned counsel and pursuant to Fed. R. Civ. P Rule 37 made applicable to these proceedings pursuant to Fed. R. Bankr. P. Rules 7037 and 2004(c), moves the Court ("Motion") for entry of an order compelling The Property Advocates, P.A. ("TPA") to comply with the *Subpoena for Rule 2004 Examinations Duces Tecum* (the "Subpoena") [ECF No. 601] served upon TPA by Trustee.

### BACKGROUND

1. The Court is familiar with Trustee's efforts to obtain discovery from TPA since TPA was initially served the Subpoena on May 9, 2025 in the prior Chapter 7 (prior to Trustee's knowledge of the Chapter 11).[1]

2. As repeatedly stated by Trustee, the current dispute arrives before this Court as a result of TPA having records that Mendiola Group does not have. Since being appointed Chapter 7 trustee, Trustee has not received any records from Mendiola Group because the company

---

[1] The Subpoena was initially served on TPA through the Trustee's Chapter 7 discovery efforts. *See* Chapter 7 ECF No. 37.

1

apparently disposed of all of its records when it shut down operations and dissolved in August 2021. Trustee is building the Chapter 7 estate brick by brick from third party discovery.

3. Trustee believes that the Chapter 7 estate has viable claims against third parties that the discovery produced from the Subpoena would reveal. Trustee needs the requested documents to investigate and build those claims.

4. Initially, TPA stated it would comply with the Subpoena and repeatedly asked Trustee for more time to do so. Trustee granted every request.

5. In reality, TPA never intended to comply and little to no effort was made to produce records responsive to the Subpoena. To be clear, TPA's lack of compliance is not due to TPA's lack of records. TPA's president Hunter Patterson and employee Cecile Mendizabal disclosed to the Court that TPA in fact looked for and identified such files and information and TPA does in fact have the records that Trustee requested. TPA simply does not want to turn over the same.

6. TPA's excuse is that it has complied with the Subpoena. That could not be further from the truth. The entirety of the discovery produced by TPA since initially served in May is attached hereto as **Exhibit A.**[2] As the Court can see it is virtually nothing.

7. Additionally, on June 23, 2025, TPA's counsel advised Trustee's counsel that there were approximately 4 active claims for which Mendiola Group would be entitled to a commission once settled and paid out by the insurance companies and also 6 claims for which TPA has already received payment from insurance companies and commission checks are available for TPA to send the Trustee for the Chapter 7 estate upon Trustee providing payment instructions. Payment instructions were provided to TPA and yet, to date, Trustee has not received a single dollar from

[2] It should be noted that the payments to MPH South Florida LLC were provided to Trustee's counsel in three separate Excel spreadsheets. Trustee's counsel combined the spreadsheets to make it easier to see all the payments in chronological order.

TPA on any of these 10 claims nor has he received any further details about the claims as he has requested. *See* **Exhibit B.**

8. The notion that TPA does not have any documents and/or information responsive to the Subpoena is dispelled by Mr. Patterson's and Ms. Mendizabal's statements to this Court on the record and is further evidenced by written communications between TPA and unknown third parties who are actively trying to intercept property of the Chapter 7 estate. Trustee's counsel advised TPA's counsel that these communications were critical to the Chapter 7 estate but no further information has been provided and the Chapter 7 estate remains vulnerable. *See* **Exhibit C.**

9. Most recently, TPA contested the Subpoena on the grounds that the discovery should be filed in the Chapter 11. TPA filed an *Emergency Motion to Enforce the Automatic Stay* in this case [ECF No. 580] ("Motion to Enforce") in this Court and filed an *Emergency Motion for Protective Order Regarding Trustee's Subpoena Duces Tecum for Rule 2004 Examination* [Chapter 7, ECF No. 65] ("Motion for Protective Order") in the Chapter 7 prior to the hearing on the Trustee's Motion to Compel held before the Honorable Corali Lopez-Castro on August 20, 2025. [Chapter 7, ECF No. 70].

10. The Court conducted a hearing on August 14, 2025 on TPA's Motion to Enforce and subsequently entered its *Order Denying Emergency Motion to Enforce the Automatic Stay Filed* [ECF No. 580] (the "Chapter 11 Order"). In the Chapter 11 Order, the Court encouraged Judge Lopez-Castro to abstain from ruling on the Trustee's Motion to Compel as it concerns TPA and requested that Judge Lopez-Castro require Trustee's discovery be refiled in the Chapter 11 (as the Court has presided over discovery disputes in the Chapter 11 for two years and is uniquely

3

familiar with how TPA keeps its records such that it may be more efficient to preside over the current discovery disputes between TPA and Trustee as well).

11. Counsel for Trustee stated on the record at the hearing on the Motion to Compel that Trustee agreed to refile the discovery in the Chapter 11 with the caveat that should the scope of the discovery unfairly prejudice the Chapter 7 estate's ability to obtain certain records necessary for the administration of the Mendiola Group's estate in the Chapter 11, Trustee needs the opportunity to return to Judge Lopez-Castro to have those issues resolved. Judge Lopez-Castro agreed and advised the parties that if scope remained an issue to return to the Chapter 7 court. Pursuant to the *Order on Trustee Dillworth's Omnibus Motion to Comply with Subpoenas for Rule 2004 Examination Duces Tecum* [Chapter 7, ECF No. 82] (the "Chapter 7 Order") attached hereto as **Exhibit D**, Judge Lopez-Castro ruled Trustee Dillworth shall refile the discovery in this Court and return to the Chapter 7 court if disputes regarding scope persist.

12. As promised, Trustee refiled the discovery in the Chapter 11 on August 29, 2025, but TPA objected to the discovery without making any effort to comply. *See* **Exhibit E**.

13. TPA refuses to cooperate in good faith and has no intention of giving the Trustee anything absent court intervention. TPA has now caused both the Chapter 11 and Chapter 7 estate to incur unnecessary time and expense by delaying the production of documents responsive to the Subpoena and forcing the Trustee to seek relief in 2 courts to obtain records the Chapter 7 estate is entitled to.

## REQUESTED RELIEF

14. Trustee seeks an Order compelling TPA to comply with the Subpoena and produce all responsive documents.

## AUTHORITY FOR REQUESTED RELIEF

15.     Federal Rule of Civil Procedure 37(a)(3)(B)(iv) and (a)(4), as made applicable by Bankruptcy Rule 7037, empowers a party to move to compel any other party to produce documents.

16.     Bankruptcy Rule 2004 provides expansive rights to obtain documents relating to the financial condition of the debtor, to any matter that may affect the administration of the debtor's estate, or to the debtor's right to a discharge. It is well established that discovery requests "under Rule 2004 are by their nature extremely broad, and are allowed for the purpose of discovering assets and unearthing frauds." *In re Pan Am. Hosp. Corp.*, 2005 WL 2445907, at *2 (Bankr. S.D. Fla. Feb. 25, 2005). Indeed, Rule 2004 discovery "can be legitimately in the nature of a 'fishing expedition.'" *Id.* (citing *In re M4 Enterprises, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995)).

17.     The Subpoena requests documents and information that are squarely within Rule 2004's purview. Trustee has made it clear that the Subpoena requests documents and information from TPA for the purpose of discovering assets of the Chapter 7 estate (including claims against third parties) and unearthing frauds.

18.     Bankruptcy requires transparency, honesty, and good faith, none of which TPA has exhibited thus far with Trustee. There is no doubt that TPA has the information Trustee is requesting and knows exactly where to find it. TPA is choosing not to comply with the Subpoena solely out of self-preservation.

19.     Accordingly, Trustee respectfully requests that the Court compel TPA to comply with the Subpoena.

**CERTIFICATE OF COMPLIANCE WITH L.R. 7026-1(F)**

**I HEREBY CERTIFY** that, pursuant to L.R. 7026-1(F), counsel for Trustee's counsel attempted to confer with the aforementioned parties, including by email and phone in a good faith effort to resolve these discovery disputes by agreement, but has been unable to do so.

**WHEREFORE,** based upon the foregoing, Trustee requests this Court to enter an order: (i) granting the Motion, (ii) compelling TPA to produce records responsive to the Trustee's Subpoena; and (iii) granting any other relief consistent with this Motion.

Dated: September 23, 2025.

Respectfully submitted,

By: */s/ Julia Anne Osmolia*
JULIA ANNE OSMOLIA,
FBN: 1035614
*jaosmolia@stearnsweaver.com*
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

*Counsel for Trustee Dillworth*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that true and correct copies of the foregoing document was served on September 23, 2025, based on the Court docket, by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case as indicated on the Service List attached hereto.

                                                             */s/ Julia Anne Osmolia*
                                                             JULIA ANNE OSMOLIA, ESQ.
                                                             Florida Bar Number 1035614

**SERVICE LIST**
Case No. 23-16797-RAM

(a) The following parties are registered to receive a Notice of Electronic Filing and should have been served through CM/ECF:

Jeffrey P. Bast
jbast@bastamron.com
jmiranda@bastamron.com
mdesvergunat@bastamron.com
sroque@bastamron.com
eService@bastamron.com

David L. Gay
dgay@carltonfields.com
cguzman@carltonfields.com
efile@ecf.inforuptcy.com
miaecf@cfdom.net

Jason Z. Jones
jjones@joneslawpa.com

Harris J. Koroglu
hkoroglu@shutts.com  mcabo@shutts.com
bvelapoldi@shutts.com
fsantelices@shutts.com

Jessey J Krehl
jessey@packlaw.com
jessey@ecf.courtdrive.com

Jaime Burton Leggett
jleggett@bastamron.com
jmiranda@bastamron.com
mdesvergunat@bastamron.com
kszolis@bastamron.com
eService@bastamron.com

Feibai Ma
fma@whww.com
lfletcher@whww.com

Megan W Murray
mmurray@underwoodmurray.com
dstrand@underwoodmurray.com
mmurray@ecf.courtdrive.com
euzonwanne@underwoodmurray.com
amatthews@underwoodmurray.com

Paul N Mascia
pmascia@nardellalaw.com
klynch@nardellalaw.com
msayne@nardellalaw.com

Michael A. Nardella
mnardella@nardellalaw.com
klynch@nardellalaw.com
msayne@nardellalaw.com
cworkinger@nardellalaw.com

Wanda D Murray
wanda.murray@usdoj.gov
WMurray@ecf.courtdrive.com

8

| | |
|---|---|
| Julia Anne Osmolia<br>jaosmolia@stearnsweaver.com<br>mfernandez@stearnsweaver.com<br>fsanchez@stearnsweaver.com | Office of the US Trustee<br>USTPRegion21.MM.ECF@usdoj.gov |
| Christopher A Roy<br>aroy@whww.com<br>scolgan@whww.com<br>aroy@ecf.courtdrive.com<br>spollard@whww.com | Eduardo F Rodriguez<br>eddie@efrlawfirm.com<br><br>Steven D Schneiderman<br>Steven.D.Schneiderman@usdoj.gov |
| R Scott Shuker<br>rshuker@shukerdorris.com<br>rshuker@shukerdorris.com<br>mfranklin@shukerdorris.com<br>bankruptcy@shukerdorris.com<br>atillman@shukerdorris.com<br>lstricker@shukerdorris.com | Lauren Stricker<br>lstricker@shukerdorris.com<br>bankruptcy@shukerdorris.com<br>atillman@shukerdorris.com<br>mdorris@shukerdorris.com<br>mfranklin@shukerdorris.com<br>rshuker@shukerdorris.com |
| Frank M. Wolff<br>fwolff@nardellalaw.com<br>klynch@nardellalaw.com<br>msayne@nardellalaw.com<br>enourse@nardellalaw.com | |