

ORDERED in the Southern District of Florida on August 29, 2025.

Corali Lopez-Castro, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 24-11169-CLC |
| MENDIOLA GROUP, INC., | Chapter 7 |
| Debtor. / | |

### ORDER ON TRUSTEE DILLWORTH'S OMNIBUS MOTION TO COMPEL
### TO COMPLY WITH SUBPOENAS FOR RULE 2004 EXAMINATION *DUCES TECUM*

**THIS MATTER** came before the Court on August 20, 2025 at 11:00 A.M. (the "Hearing") upon the *Omnibus Motion to Compel to Comply with Subpoenas for Rule 2004 Examination Duces Tecum* [ECF No. 41] (the "Motion") filed by Drew M. Dillworth, the duly appointed, qualified, and acting chapter 7 trustee ("Trustee Dillworth" or "Trustee") for the bankruptcy estate of Mendiola Group, Inc. ("Debtor").

Counsel for Trustee Dillworth announced on the record at the Hearing that, since the filing of the Motion, (i) Vargas Gonzalez Delombard, LLP ("VGD"), (ii) MSPG Law Group, P.A.

1

("MSPG"), and (iii) Intuit, Inc. ("Intuit") have provided Trustee Dillworth with documents responsive to the *Subpoenas Duces Tecum* served upon each party at ECF Nos. 38, 36, and 39, respectively, and have fulfilled their discovery obligations under those subpoenas to the fullest extent possible at this time based on the information available to the parties. As a result, the relief sought by the Motion is no longer necessary with respect to these parties.

Counsel for Trustee Dillworth also announced on the record at the Hearing that, since the filing of the Motion, John Navarro has retained counsel and has actively been working with the Trustee to satisfy the *Subpoenas Duces Tecum* served upon Mr. Navarro at ECF Nos. 23, 30, 32. Mr. Navarro has provided Trustee Dillworth with some responsive documents and the parties have agreed to continue production to the extent documents are available on a rolling basis as needed.

Finally, counsel for Trustee Dillworth announced on the record at the Hearing that, since the filing of the Motion, the Property Advocates f/k/a The Strems Law Firm PA ("TPA") has challenged the enforcement of the *Subpoena Duces Tecum* served upon TPA at ECF 37. TPA is in an active Chapter 11 bankruptcy (Case No. 23-16797-RAM) (the "Chapter 11") and has contested the subpoena on the grounds that the discovery should be filed in the Chapter 11 case. TPA filed an *Emergency Motion to Enforce the Automatic Stay* in the Chapter 11 [Chapter 11 ECF No. 580] ("Motion to Enforce") as well as filed an *Emergency Motion for Protective Order Regarding Trustee's Subpoena Duces Tecum for Rule 2004 Examination* [ECF No. 65] ("Motion for Protective Order") in this case prior to the Hearing. The Honorable Robert A. Mark conducted a hearing in the Chapter 11 on August 14, 2025 on TPA's Motion to Enforce and subsequently entered an *Order Denying Emergency Motion to Enforce the Automatic Stay Filed* [Chapter 11 ECF No. 580]. In his order, Judge Mark encouraged this Court to abstain from ruling on the Motion as it concerns TPA and requested that this Court require Trustee Dillworth's discovery be refiled

2

in the Chapter 11 (as Judge Mark has presided over similar discovery disputes in the Chapter 11 over the past two years and is uniquely familiar with how TPA keeps its records such that he believes it may be more efficient for him to preside over the current discovery disputes between TPA and Trustee Dillworth as well). Counsel for Trustee Dillworth stated on the record at the Hearing that Trustee Dillworth has agreed to refile the discovery in the Chapter 11 with the caveat that should the scope[1] of the discovery unfairly prejudice the Chapter 7 estate's ability to obtain certain records necessary for the administration of the Debtor's estate in the Chapter 11, Trustee Dillworth must have the opportunity to return to this Court to have those issues resolved.

**IT IS THEREFORE ORDERED** that—

1. With respect to **VGD, MSPG, and Intuit** the Motion is **DENIED as MOOT**.

2. With respect to **Mr. Navarro**, the Motion is **GRANTED**. Pursuant to the agreement of the parties, Mr. Navarro shall continue to work with Trustee Dillworth to provide any documents responsive to the Trustee's subpoenas to the extent available.

3. With respect to **TPA**, in accordance with the recommendation of Judge Mark, the Court **ABSTAINS** from ruling on the Motion at this time. Trustee Dillworth shall refile the discovery pending in this Court in TPA's Chapter 11 case. In the event that Judge Mark cannot resolve disputes related to the scope of the discovery in his Court due to the limitations of the

---

[1] Trustee Dillworth filed an *Emergency Motion to Deem Proof of Claim of Mendiola Group Inc. as Timely* [Chapter 11 ECF No. 513] (the "Late Claim Motion") as well as a Proof of Claim seeking to recover at least $2,028,630.91 from TPA for commissions owed to Debtor for services provided to TPA from 2019 through 2021. *See* Chapter 11 POC 24, as amended by POC 24-2 (the "Claim"). TPA Objected to the Late Claim Motion [Chapter 11 ECF No. 517] and interested party Scot Strems filed a Joinder to TPA's Objection [ECF No. 521], thereby creating a contested matter in the Chapter 11. Discovery related to the contested matter will be governed by FRBP 7026 and limited to documents related to the timeliness of the Claim. Trustee Dillworth's Subpoena seeks documents beyond the scope of the contested matter but related to the administration of the Chapter 7. Judge Mark has stated his intention is to resolve those discovery disputes as well. This Court, however, reserves jurisdiction on the non-contested matter discovery disputes.

3

Chapter 11 contested matters, Trustee Dillworth shall have the opportunity to renew the Motion and have those matters heard in this Court.

###

Submitted by:
Julia Anne Osmolia, Esq.
Florida Bar No. 1035614
jaosmolia@stearnsweaver.com
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200

*Attorney Osmolia directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.*

4