UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

THE PROPERTY ADVOCATES, P.A.,                    Case No.: 23-16797-RAM
                                                 Chapter 11

    Debtor.

_____/

**RESPONSES AND OBJECTIONS TO**
**SUBPOENA FOR RULE 2004 EXAMINATION *DUCES TECUM* OF**
**DREW M. DILLWORTH, TRUSTEE**

COMES NOW, Debtor, The Property Advocates, P.A. (the "Debtor"), by and through its undersigned counsel, hereby files its responses and objections to the Notice of Rule 2004 Examination (ECF No. 601, the "2004 Notice") issued by Drew M. Dillworth, Chapter 7 Bankruptcy Trustee for the bankruptcy estate of Mendiola Group, Inc. (the "Trustee"), and in support thereof states as follows:

**<u>GENERAL OBJECTIONS</u>**

A.    These "General Objections" are applicable to and incorporated into each of the he Debtor's responses, *infra*, as if specifically stated herein. The assertion of specific objections to a particular request will not be construed as a waiver of the Debtor's "General Objections." Unless otherwise specifically stated, the Debtor's objection to each request applies to the entire request, including each and every subsection and/or subpart of the request.

B.    The Debtor makes these responses based upon information currently known and available to the Debtor at the time these responses are made. Accordingly, the Debtor reserves the right, at any time, to amend, revise, correct, add to, supplement, modify, or clarify any specific objections or responses. The Debtor further reserves the right to make use of, or

1

introduce into any hearing or at the trial, information not known to exist at the time of these responses, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure, as applicable under the Federal Rules of Bankruptcy Procedure. The Debtor makes these responses without prejudice of its rights to rely upon other facts that may be discovered through its own investigations or the investigations of others and in future discovery by all parties.

      C.     To the extent that any Request calls for, or may be construed as calling for, the disclosure of privileged or immune information, including without limitation information subject to the attorney-client privilege, attorney work product doctrine, and/or any other recognized doctrine or privilege, the Debtor hereby claims such privileges and immunities and objects to the Request on those grounds.  Further, the Debtor objects to any Request to the extent that it seeks information that was prepared/obtained in anticipation of litigation and/or calls for information that is subject to and/or protected from disclosure pursuant to the attorney-client privilege, work product doctrine, by any other privilege or doctrine including, but not limited to, the right to privacy and/or consulting expert witness privilege.  Inadvertent disclosure of information subject to any privilege does not waive the privilege as to other information or documents regarding the same subject or content and does not waive the Debtor's right to object to the introduction of such privileged information or documents into evidence.

      D.     The Debtor objects to these Requests to the extent that any Request may be construed as seeking the disclosure of confidential, financial, commercial and/or proprietary information or documents protected by the right to privacy and/or any other applicable protection. The Debtor objects to producing such information unless and until such production is subject to a suitable protective order.  The Debtor objects to the production of any information or documents

that are subject to a confidentiality agreement with a third party or a court-ordered confidentiality agreement.

E.      The Debtor objects to all document requests to the extent they seek documents that are not within the Debtor's possession, custody or control, and/or that are within the possession, custody or control of other parties or non-parties to the litigation.  Such a request seeks to require more than the obligation imposed by law and would subject the Debtor to unreasonable and undue annoyance, oppression, burden and expense.

F.      The Debtor objects to all document requests to the extent that they seek materials equally available to the Trustee through public sources or records, or otherwise.

G.      The Debtor objects to the production or documents for which the Trustee has failed to provide a parameter of time within which the Trustee seeks such documents; failure to provide the Debtor with such time parameters, seeks to require more than the obligation imposed by law and would subject the Debtor to unreasonable and undue annoyance, oppression, burden and expense.

H.      Any response by the Debtor that it will produce information or documents in response to a request is not an acknowledgement that any such information or document exists or ever existed. The Debtor agrees only to conduct a reasonable search and, if found, produce relevant, responsive, non-privileged information or documents not subject to the General Objections or any other specific objections.

I.      The Debtor includes in its document production all documents filed in the instant bankruptcy case without physically producing the same to the requesting party because the same documentation is in the possession of the requesting party and it would be unduly burdensome to require production of the same by the Debtor.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## <u>TRUSTEE'S RULE 2004 EXAMINATION DUCES TECUM REQUESTS</u>

1.      *All documents that evidence, refer, or relate to engagement agreement(s), fee arrangements, invoices for services rendered, payment receipts, files, and correspondences (including electronic mail) between You and Debtor.*

**RESPONSE:**

The Debtor objects to this Request pursuant the "pending proceeding rule", as the Request seeks the production of documents in connection with the contested matter already before the Court. Specifically, the Trustee filed its Motion to Deem Proof of Claim of Mendiola Group, Inc. as Timely (the "Trustee's Motion") (Doc. No. 513) and related Proof of Claim (Claim No. 24-2) (the "Mendiola Group Claim") (the "Contested Matter"). *See In re Gaime*, No. 8:18-bk-05198-RCT, 2018 Bankr. LEXIS 4136, at *5 (Bankr. M.D. Fla. Dec. 18, 2018) ("Under this [pending proceeding] rule, once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004.  Any such Request must therefore instead be made in accordance with the more restrictive provisions of Fed. R. Bank. P. 7026, Fed. R. Bank. P. 7034 and the Federal Rules of Civil Procedure that are made applicable to the Contested Matter by Fed. R. Bank. P. 9014.

TPA further objects to this Request in that the Trustee's ability to file the Mendiola Claim as a late claim in the TPA Chapter 11 Bankruptcy Case has not been established and is the subject of a pending evidentiary dispute in the TPA.  Any request for documents in connection with the Mendiola Claim is premature and will never be permitted unless the Trustee first establishes at a yet to be held evidentiary hearing that it is entitled to bring the late claim in the first instance.

The Debtor further objects to this Request as vague in that it seeks the production of all "documents" that "evidence, refer, or relate to" various documents sought in the Request. The Request as stated is subject to varying interpretations that could literally render virtually any document in the Debtor's possession as falling within the ambit of the Request. The Debtor therefore reasonably interprets the Request to require the production of "engagement agreement(s), fee arrangements, invoices for services rendered, payment receipts, files and correspondences (including electronic mail) between You [the Debtor] and the Debtor [Mendiola Group]."

The Debtor further objects to this Request as it seeks the disclosure of client files, client identifying information, information concerning client settlements, and other confidential, financial, commercial, or proprietary information concerning client matters that the Debtor, as a law firm, is prohibited from disclosing. *See* Fla. Bar Reg. R. 4-1.6.  The Debtor has advised the Trustee that (i) any production of such client confidential information may only be produced in connection with an order of the Court in this Chapter 11 Case, and (ii) that the issue of the Debtor's production of confidential client information in connection with another timely filed claim has already been extensively litigated in this Chapter 11 Case, with the outcome that only a very limited subset of information was required to be produced and only alongside strict confidentiality and attorneys eyes only requirements imposed by the Court in this Chapter 11 Case.

TPA further objects to the Request as restated as overbroad and unduly burdensome.  The Trustee seeks (improperly in this bankruptcy case) the production of documents to establish what it alleges as a pre-petition Mendiola Group Claim against TPA.  However, even the scope of the documents requested far exceeds what is necessary to establish any pre-petition claim that Mendiola Group might have had against TPA.   The Request is further objectionable as irrelevant in that it requests a plethora of information that does not have any bearing on establishing any

Mendiola Group Claim.  The Request is further objectionable as grossly disproportionate to the needs of the instant case for foregoing reasons.  TPA therefore reasonably interprets the Request to require the production of "documents sufficient to show any pre-petition amounts owed to Mendiola Group."  In connection with the restated Request, TPA has advised the Trustee that TPA (i) did not have any written agreement with Mendiola Group, and (ii) did not have any outstanding invoices from Mendiola Group for any pre-petition amounts upon the filing of the TPA Chapter 11 Bankruptcy Case.

The Request is further unduly burdensome in that it requires the Debtor to expend significant time and financial resources in order to comply with its terms. The Debtor estimates that a minimum of twenty (20) hours of attorney time will be required in order to process the Request and requires an advance payment of $11,000 in order to commence any production, with any remaining balance for fees and costs to be paid prior to making any production.

To the extent that the 2004 Notice seeks to identify assets of Mendiola Group in connection with the instant bankruptcy case, as opposed to improperly seeking documents in connection with its effort to pursue the Mendiola Group Claim, TPA has produced documents to the Trustee sufficient to show all payments made to Mendiola Group or its designee for both the four (4) years before the filing of the instant bankruptcy case, and post-petition to the date of the 2004 Notice. TPA has further advised the Trustee that upon receiving notice of the instant case TPA will make payments all that come due to Mendiola Group to the Trustee instead of to Mendiola Group or its designee.

Without waiving its objections, the Debtor will therefore produce no documents responsive to this Request beyond those previously produced to the Trustee.

*2.      Any and all recorded information, including communications, books, documents, records, and papers, relating to the Debtor and the Debtor's assets, liabilities,*

*or financial affairs.*

**RESPONSE:**

The Debtor objects to this Request pursuant the "pending proceeding rule", as the Request seeks the production of documents in connection with the contested matter already before the Court. Specifically, the Trustee filed its Motion to Deem Proof of Claim of Mendiola Group, Inc. as Timely (the "Trustee's Motion") (Doc. No. 513) and related Proof of Claim (Claim No. 24-2) (the "Mendiola Group Claim") (the "Contested Matter"). *See In re Gaime*, No. 8:18-bk-05198-RCT, 2018 Bankr. LEXIS 4136, at *5 (Bankr. M.D. Fla. Dec. 18, 2018) ("Under this [pending proceeding] rule, once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004.  Any such Request must therefore instead be made in accordance with the more restrictive provisions of Fed. R. Bank. P. 7026, Fed. R. Bank. P. 7034 and the Federal Rules of Civil Procedure that are made applicable to the Contested Matter by Fed. R. Bank. P. 9014.

The Debtor further objects to this Request in that the Trustee's ability to file the Mendiola Group Claim as a late claim in this Chapter 11 Case has not been established and is the subject of a pending evidentiary dispute. Any request for documents in connection with the Mendiola Group Claim is premature and will never be permitted unless the Trustee first establishes at a yet to be held evidentiary hearing that it is entitled to bring the late claim in the first instance.

The Debtor further objects to this Request as it seeks the disclosure of client files, client identifying information, information concerning client settlements, and other confidential, financial, commercial, or proprietary information concerning client matters that the Debtor, as a law firm, is prohibited from disclosing. *See* Fla. Bar Reg. R. 4-1.6.  The Debtor has advised the Trustee that (i) any production of such client confidential information may only be produced in

connection with an order of the Court in this Chapter 11 Case, and (ii) that the issue of the Debtor's production of confidential client information in connection with another timely filed claim has already been extensively litigated in this Chapter 11 Case, with the outcome that only a very limited subset of information was required to be produced and only alongside strict confidentiality and attorneys eyes only requirements imposed by the Court in this Chapter 11 Case.

The Debtor further objects to this Request as vague in that it seeks the production of "any and all recorded information.... relating to the Debtor [Mendiola Group] and the Debtor's [i.e. Mendiola Group's] assets, liabilities or financial affairs." As to the request for any "recorded information… relating to the Debtor [Mendiola Group]," the request is unintelligible and could encompass documents that may somehow tangentially impact or address the Debtor's business with loss consultants generally, which is virtually the totality of the Debtor's business.

As to the request for any "recorded information… relating to… the Debtor's [i.e. Mendiola Group's] assets, liabilities or financial affairs," the request subject to varying interpretations that could be read to virtually any document in the Debtor's possession that relate to Mendiola Group, loss consultants generally or the Debtor's business generally. The Debtor therefore reasonably interprets the Request to require the production of "documents that on their face identify the assets or liabilities of Mendiola Group."

The Debtor further objects to the Request as restated as overbroad and unduly burdensome. The Trustee seeks the production of documents to establish what it alleges as a pre-petition Mendiola Group Claim against the Debtor. However, even the scope of the documents requested far exceeds what is necessary to establish any pre-petition claim that Mendiola Group might have had against the Debtor. The Request is further objectionable as irrelevant in that it requests a plethora of information that does not have any bearing on establishing any Mendiola Group Claim.

8

The Request is further objectionable as grossly disproportionate to the needs of the instant case for foregoing reasons. The Debtor therefore reasonably interprets the Request to require the production of "documents sufficient to show any pre-petition amounts owed to Mendiola Group." In connection with the restated Request, the Debtor has advised the Trustee that the Debtor (i) did not have any written agreement with Mendiola Group, and (ii) did not have any outstanding invoices from Mendiola Group for any pre-petition amounts upon the filing of this Chapter 11 Case.

The Request is further unduly burdensome in that it requires the Debtor to expend significant time and financial resources in order to comply with its terms. The Debtor estimates that a minimum of twenty (20) hours of attorney time will be required in order to process the Request as interpreted and requires an advance payment of $11,000 in order to commence any production, with any remaining balance for fees and costs to be paid prior to making any production.

To the extent that the 2004 Notice seeks to identify assets of Mendiola Group in connection with the Mendiola Group Chapter 11 Bankruptcy Case, as opposed to improperly seeking documents in connection with its effort to pursue the Mendiola Group Claim in the instant Chapter 11 Case, the Debtor has already produced to the Trustee documents sufficient to show all payments made to Mendiola Group or its designee during the four (4) years preceding the filing of the Mendiola Group Chapter 11 Bankruptcy Case, as well as all post-petition payments in that case through the date the Trustee filed its Rule 2004 Examination. The Debtor has further advised the Trustee that upon receiving notice of Mendiola Group Chapter 11 Bankruptcy Case, the Debtor will make payments all that come due to Mendiola Group to the Trustee instead of to Mendiola Group or its designee.

This Request is further unduly burdensome in that it requests documents that are duplicative of Requests No. 1 above.

The Debtor has no documents that evidence on their face a liability of Mendiola Group.

Without waiving its objections, the Debtor will therefore produce no documents responsive to this Request beyond those previously produced to the Trustee.

> 3.     *A complete record of all the claims that were referred to You by Mendiola Group since 2019 including but not limited to the following information:*
>
> i.     *the claim number, type, and claimants information;*
>
> ii.    *the date the Mendiola Group referred the claim to the law firm;*
>
> iii.   *the date the law firm hired Mendiola Group;*
>
> iv.    *evidence of the work performed on the claim and expenses incurred on the claim;*
>
> v.     *the manner in which the claim was handled by the firm (either pre- litigation or litigation; if litigation, provide the case number);*
>
> vi.    *the date the claim was settled;*
>
> vii.   *the date payment was tendered to the law firm for the claim, the amount of that payment, and proof of that payment (i.e., the check or wire);*
>
> viii.  *the date payment was tendered to Mendiola Group for the claim, the amount of that payment, and proof of that payment (i.e., the check or wire);*
>
> ix.    *a breakdown of any other person or entity who was paid or is/was entitled to be paid on the claim, the reason the payment was made, when and how the payment was tendered, and in what amount;*
>
> x.     *the status of the claims through Present.*

**RESPONSE**:

The Debtor objects to this Request pursuant the "pending proceeding rule", as the Request seeks the production of documents in connection with the contested matter already before the Court. Specifically, the Trustee filed its Motion to Deem Proof of Claim of Mendiola Group, Inc.

as Timely (the "Trustee's Motion") (Doc. No. 513) and related Proof of Claim (Claim No. 24-2) (the "Mendiola Group Claim") (the "Contested Matter"). *See In re Gaime*, No. 8:18-bk-05198-RCT, 2018 Bankr. LEXIS 4136, at *5 (Bankr. M.D. Fla. Dec. 18, 2018) ("Under this [pending proceeding] rule, once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004.  Any such Request must therefore instead be made in accordance with the more restrictive provisions of Fed. R. Bank. P. 7026, Fed. R. Bank. P. 7034 and the Federal Rules of Civil Procedure that are made applicable to the Contested Matter by Fed. R. Bank. P. 9014.

The Debtor further objects to this Request in that the Trustee's ability to file the Mendiola Group Claim as a late claim in this Chapter 11 Case has not been established and is the subject of a pending evidentiary dispute. Any request for documents in connection with the Mendiola Group Claim is premature and will never be permitted unless the Trustee first establishes at a yet to be held evidentiary hearing that it is entitled to bring the late claim in the first instance.

The Debtor further objects to this Request as it seeks the disclosure of client files, client identifying information, information concerning client settlements, and other confidential, financial, commercial, or proprietary information concerning client matters that the Debtor, as a law firm, is prohibited from disclosing. *See* Fla. Bar Reg. R. 4-1.6.  The Debtor has advised the Trustee that (i) any production of such client confidential information may only be produced in connection with an order of the Court in this Chapter 11 Case, and (ii) that the issue of the Debtor's production of confidential client information in connection with another timely filed claim has already been extensively litigated in this Chapter 11 Case, with the outcome that only a very limited subset of information was required to be produced and only alongside strict confidentiality and attorneys eyes only requirements imposed by the Court in this Chapter 11 Case.

The Debtor further objects to this Request as vague in that it seeks the production of "a complete record of all the claims that were referred to You by Mendiola Group," which is unintelligible on its face. The Request as stated is subject to varying interpretations and there is no ability for the Debtor to ascertain what documents are actually requested by the cryptic phrase. The Debtor therefore reasonably interprets the Request to require the production of "the following information set forth in subparagraphs (i) – (x) of the Request."

This Request is further objectionable on its face in that it requests "information" that the Trustee demands that the Debtor create, rather than specific documents that may be in its possession custody or control. The Trustee may not demand that the Debtor manufacture or create, from the totality of whatever "information" that the Debtor may have, the documents that the Trustee would like to exist but do not exist.

The Debtor further objects to the Request as restated as overbroad and unduly burdensome. The Trustee improperly seeks the production of documents to establish what it alleges as a pre-petition Mendiola Group Claim against the Debtor. However, even the scope of the documents requested far exceeds what is necessary to establish any pre-petition claim that Mendiola Group might have had against the Debtor. The Request is further objectionable as irrelevant in that it requests a plethora of information that does not have any bearing on establishing any Mendiola Group Claim. The Request is further objectionable as grossly disproportionate to the needs of the instant case for foregoing reasons. The Debtor therefore reasonably interprets the Request to require the production of "documents sufficient to show any pre-petition amounts owed to Mendiola Group." In connection with the restated Request, the Debtor has advised the Trustee that the Debtor (i) did not have any written agreement with Mendiola Group, and (ii) did not have any

outstanding invoices from Mendiola Group for any pre-petition amounts upon the filing of the instant Chapter 11 Case.

The Request is further unduly burdensome in that it requires the Debtor to expend significant time and financial resources in order to comply with its terms. The Debtor estimates that a minimum of twenty (20) hours of attorney time will be required in order to process the Request as interpreted and requires an advance payment of $11,000 in order to commence any production, with any remaining balance for fees and costs to be paid prior to making any production.

To the extent that the 2004 Notice seeks to identify assets of Mendiola Group in connection with the Mendiola Group Chapter 11 Bankruptcy Case, as opposed to improperly seeking documents in connection with its effort to pursue the Mendiola Group Claim in the instant Chapter 11 Case, the Debtor has already produced to the Trustee documents sufficient to show all payments made to Mendiola Group or its designee during the four (4) years preceding the filing of the Mendiola Group Chapter 11 Bankruptcy Case, as well as all post-petition payments in that case through the date the Trustee filed its Rule 2004 Examination. The Debtor has further advised the Trustee that upon receiving notice of Mendiola Group Chapter 11 Bankruptcy Case, the Debtor will make payments all that come due to Mendiola Group to the Trustee instead of to Mendiola Group or its designee.

This Request is further unduly burdensome in that it requests documents that are duplicative of Requests Nos. 1 and 2 above.

Without waiving its objections, the Debtor will therefore produce no documents responsive to this Request beyond those previously produced to the Trustee.

*4.    Correspondence from third parties regarding the loss consultants/independent contractor's alleged  misconduct with clients of The Strems Law*

13

*Firm, P.A., f/k/a The Property Advocates, P.A., that were referred to the firm by Mendiola Group.*

**RESPONSE**:

The Debtor objects to this Request pursuant the "pending proceeding rule", as the Request seeks the production of documents in connection with the contested matter already before the Court. Specifically, the Trustee filed its Motion to Deem Proof of Claim of Mendiola Group, Inc. as Timely (the "Trustee's Motion") (Doc. No. 513) and related Proof of Claim (Claim No. 24-2) (the "Mendiola Group Claim") (the "Contested Matter"). *See In re Gaime*, No. 8:18-bk-05198-RCT, 2018 Bankr. LEXIS 4136, at *5 (Bankr. M.D. Fla. Dec. 18, 2018) ("Under this [pending proceeding] rule, once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004. Any such Request must therefore instead be made in accordance with the more restrictive provisions of Fed. R. Bank. P. 7026, Fed. R. Bank. P. 7034 and the Federal Rules of Civil Procedure that are made applicable to the Contested Matter by Fed. R. Bank. P. 9014.

The Debtor further objects to this Request in that the Trustee's ability to file the Mendiola Group Claim as a late claim in this Chapter 11 Case has not been established and is the subject of a pending evidentiary dispute. Any request for documents in connection with the Mendiola Group Claim is premature and will never be permitted unless the Trustee first establishes at a yet to be held evidentiary hearing that it is entitled to bring the late claim in the first instance.

The Debtor further objects to this Request as it seeks the disclosure of client files, client identifying information, information concerning client settlements, and other confidential, financial, commercial, or proprietary information concerning client matters that the Debtor, as a law firm, is prohibited from disclosing. *See* Fla. Bar Reg. R. 4-1.6. The Debtor has advised the Trustee that (i) any production of such client confidential information may only be produced in

connection with an order of the Court in this Chapter 11 Case, and (ii) that the issue of the Debtor's production of confidential client information in connection with another timely filed claim has already been extensively litigated in this Chapter 11 Case, with the outcome that only a very limited subset of information was required to be produced and only alongside strict confidentiality and attorneys eyes only requirements imposed by the Court in this Chapter 11 Case.

The Request is objectionable as vague in that it seeks correspondence from unidentified "third parties." To the extent the "third parties" referred to in the Request pertain to the Debtor's own clients, any correspondence between the Debtor and its own clients are confidential and protected from disclosure as set forth above or subject to the attorney-client privilege. To the extent the request "third parties" referred to in the Request pertain to the Debtor's own attorneys, any correspondence between the Debtor and its own attorneys are protected from disclosure under the attorney-client and/or attorney work product privileges.

To the extent that the Request seeks correspondence from "third parties" other than the Debtor's clients or attorneys, the Debtor further objects to this Request as vague in that it seeks the production of correspondence from third parties regarding "the alleged misconduct [of Mendiola Group] with clients of The Strems Law Firm, P.A., fka The Property Advocates, P.A., that were referred to the firm by Mendiola Group." There is no context given to what "alleged misconduct" of Mendiola Group the Request is directed towards, or what "alleged misconduct" Mendiola Group may have engaged in with respect to the Debtor's clients. The Debtor cannot be made to guess.

The Debtor further objects to the Request as restated as overbroad and unduly burdensome. Even if the Debtor could decipher the Request to relate to some specified misconduct or scope (which it cannot), complying with the Request would require the Debtor to first ferret out, and then

15

review, literally millions of items of correspondence with (non-objectionable) third parties to try to identify which, if any, somehow implicate the "alleged misconduct." Such a hypothetical Request would require the Debtor to expend significant time and financial resources in order to comply with its terms. The Debtor estimates that a minimum of one hundred (100) hours of attorney time and additional third-party discovery software will be required in order to process the Request as interpreted and requires an advance payment of $55,000 in order to commence any production, with any remaining balance for fees and costs to be paid prior to making any production.

The Request is on its face irrelevant to the assets of Mendiola Group. It can only be interpreted to related to potential liabilities of Mendiola Group for undefined "alleged misconduct." The Request, even if it was adequately defined so that it could be understood, would be grossly disproportionate the needs of the Mendiola Group Chapter 11 Bankruptcy Case. Any client of the Debtor that may hold a claim against Mendiola Group for "alleged misconduct" must timely bring their claim in the instant bankruptcy case—or else it is barred. There is no duty for the Debtor to scour millions of items of correspondence to hunt for potential claims against Mendiola Group.

Without waiving the foregoing objections, the Debtor will not produce any documents in response to this Request.

5.      ***Any and all documents evidencing the value of the claims that were allegedly misappropriated by the loss consultants/independent contractors.***

**RESPOND:**

The Debtor objects to this Request pursuant the "pending proceeding rule", as the Request seeks the production of documents in connection with the contested matter already before the Court. Specifically, the Trustee filed its Motion to Deem Proof of Claim of Mendiola Group, Inc.

as Timely (the "Trustee's Motion") (Doc. No. 513) and related Proof of Claim (Claim No. 24-2) (the "Mendiola Group Claim") (the "Contested Matter"). *See In re Gaime*, No. 8:18-bk-05198-RCT, 2018 Bankr. LEXIS 4136, at *5 (Bankr. M.D. Fla. Dec. 18, 2018) ("Under this [pending proceeding] rule, once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not Rule 2004. Any such Request must therefore instead be made in accordance with the more restrictive provisions of Fed. R. Bank. P. 7026, Fed. R. Bank. P. 7034 and the Federal Rules of Civil Procedure that are made applicable to the Contested Matter by Fed. R. Bank. P. 9014.

The Debtor further objects to this Request in that the Trustee's ability to file the Mendiola Group Claim as a late claim in this Chapter 11 Case has not been established and is the subject of a pending evidentiary dispute. Any request for documents in connection with the Mendiola Group Claim is premature and will never be permitted unless the Trustee first establishes at a yet to be held evidentiary hearing that it is entitled to bring the late claim in the first instance.

The Debtor further objects to this Request as it seeks the disclosure of client files, client identifying information, information concerning client settlements, and other confidential, financial, commercial, or proprietary information concerning client matters that the Debtor, as a law firm, is prohibited from disclosing. *See* Fla. Bar Reg. R. 4-1.6. The Debtor has advised the Trustee that (i) any production of such client confidential information may only be produced in connection with an order of the Court in this Chapter 11 Case, and (ii) that the issue of the Debtor's production of confidential client information in connection with another timely filed claim has already been extensively litigated in this Chapter 11 Case, with the outcome that only a very limited subset of information was required to be produced and only alongside strict confidentiality and attorneys eyes only requirements imposed by the Court in this Chapter 11 Case.

17

The Request is objectionable as vague and incomprehensible on its face. There is no qualification as to who "the loss consultants/independent contractors" are. Even if the Debtor were to construe them to be the Mendiola Group, there is no context to understand what the "claims that were allegedly misappropriated" means. It is impossible to interpret what "claims" are being referred to, what "misappropriation" might mean as to them, what universe of persons may have "alleged" the misappropriation and or who might have done the "alleged" misappropriating. Finally, there is no way for the Debtor to identify any and all documents "evidencing the value" of the unidentified claims. The Request is not even capable of a reasonable interpretation.

The Debtor further objects to the Request as restated as overbroad and unduly burdensome. Even if the Debtor could decipher the Request (which it cannot), the request for "any and all" documents is facially overbroad and unduly burdensome.

The Request is on its face irrelevant to the assets of Mendiola Group. It can only be interpreted to related to potential liabilities of Mendiola Group. The Request, even if it was adequately defined so that it could be understood, would be grossly disproportionate the needs of the Mendiola Group Chapter 11 Bankruptcy Case. Any client of the Debtor that may hold a claim against Mendiola Group for "alleged misconduct" must timely bring their claim in the instant bankruptcy case—or else it is barred. There is no duty for the Debtor to scour millions of items of correspondence to hunt for potential claims against Mendiola Group.

Without waiving the foregoing objections, the Debtor will not produce any documents in response to this Request.

Date: September 12, 2025.        Respectfully submitted,

*/s/Paul N. Mascia*
Paul N. Mascia, Esq.
Florida Bar No. 0489670
Michael A. Nardella, Esq.

18

Florida Bar No. 051265
**Nardella & Nardella, PLLC**
135 W. Central Blvd., Ste. 300
Orlando, Florida 32801
Phone: (407) 966-2680
Facsimile: (407) 966-2681
Email: pmascia@nardellalaw.com
Email: mnardella@nardellalaw.com
Secondary email: klynch@nardellalaw.com

*Counsel for The Property Advocates, P.A.*


## CERTIFICATE OF SERVICE

The Property Advocates P.A., by and through undersigned counsel, certifies that on September 12, 2025, a true and correct copy of the foregoing has been served via CM/ECF notification on all interested parties registered to receive electronic notification and/or via first class U.S. mail as indicated on the Service List below:


### Service List

**Notice Service via CM/ECF electronic filing:**

Jeffrey P. Bast, Esq. on behalf of Creditor AG-EREP East Kennedy Owner, LLC
jbast@bastamron.com,
jmiranda@bastamron.com;mdesvergunat@bastamron.com;sroque@bastamron.com;eService@bastamron.com

Jeffrey P. Bast, Esq. on behalf of Creditor Prisa Ponce de Leon, LLC
jbast@bastamron.com,
jmiranda@bastamron.com;mdesvergunat@bastamron.com;sroque@bastamron.com;eService@bastamron.com

David L. Gay on behalf of Creditor Christopher Narchet
dgay@carltonfields.com, cguzman@carltonfields.com;efile@ecf.inforuptcy.com;miaecf@cfdom.net

Jason Z. Jones, Esq. on behalf of Creditor D&A Adjusting & Consulting, Inc.
jjones@joneslawpa.com

Jason Z. Jones, Esq. on behalf of Creditor DSF Claim Services, Inc.
jjones@joneslawpa.com

Jason Z. Jones, Esq. on behalf of Creditor Property Loss Consulting Group Corp
jjones@joneslawpa.com

Jason Z. Jones, Esq. on behalf of Creditor SF Claims Consulting, Inc.
jjones@joneslawpa.com

Harris J. Koroglu on behalf of Creditor SWVP Orlando Office, LLC
hkoroglu@shutts.com, mcabo@shutts.com;bvelapoldi@shutts.com;fsantelices@shutts.com

Jessey J Krehl on behalf of Creditor Scot Strems
jessey@packlaw.com, jessey@ecf.courtdrive.com

Jaime Burton Leggett on behalf of Creditor AG-EREP East Kennedy Owner, LLC
jleggett@bastamron.com,
jmiranda@bastamron.com,mdesvergunat@bastamron.com,kszolis@bastamron.com,eService@bastamron.com

Jaime Burton Leggett on behalf of Creditor Prisa Ponce de Leon, LLC
jleggett@bastamron.com,
jmiranda@bastamron.com,mdesvergunat@bastamron.com,kszolis@bastamron.com,eService@bastamron.com

Feibai Ma on behalf of Creditor Sonia Ortiz
fma@whww.com, lfletcher@whww.com

Paul N Mascia on behalf of Debtor The Property Advocates, P.A.
pmascia@nardellalaw.com,
klynch@nardellalaw.com;msayne@nardellalaw.com;cworkinger@nardellalaw.com

Megan W Murray on behalf of Creditor Michael Patrick
mmurray@underwoodmurray.com,
dstrand@underwoodmurray.com;mmurray@ecf.courtdrive.com;euzonwanne@underwoodmurray.com;amatthews@underwoodmurray.com

Wanda D Murray on behalf of Creditor JPMorgan Chase Bank, N.A.
wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com

Michael A. Nardella on behalf of Debtor The Property Advocates, P.A.
mnardella@nardellalaw.com,
klynch@nardellalaw.com;msayne@nardellalaw.com;cworkinger@nardellalaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Julia Anne Osmolia on behalf of Interested Party Drew Dillworth, Trustee
jaosmolia@stearnsweaver.com, mfernandez@stearnsweaver.com;fsanchez@stearnsweaver.com

Eduardo F Rodriguez on behalf of Creditor Scot Strems

eddie@efrlawfirm.com

Christopher A Roy on behalf of Creditor Sonia Ortiz
aroy@whww.com, scolgan@whww.com;aroy@ecf.courtdrive.com;spollard@whww.com

Steven D Schneiderman on behalf of U.S. Trustee Office of the US Trustee
Steven.D.Schneiderman@usdoj.gov

R Scott Shuker on behalf of Creditor Hunter Patterson
rshuker@shukerdorris.com,
rshuker@shukerdorris.com;mfranklin@shukerdorris.com;bankruptcy@shukerdorris.com;atillman@shukerdorris.com;lstricker@shukerdorris.com

Lauren Stricker on behalf of Creditor Hunter Patterson
lstricker@shukerdorris.com,
bankruptcy@shukerdorris.com;atillman@shukerdorris.com;mdorris@shukerdorris.com;mfranklin@shukerdorris.com;rshuker@shukerdorris.com

Frank M. Wolff, Esq on behalf of Debtor The Property Advocates, P.A.
fwolff@nardellalaw.com,
klynch@nardellalaw.com;msayne@nardellalaw.com;cworkinger@nardellalaw.com


**<u>Notice Service via U.S. First Class Mail:</u>**

All non-CM/ECF parties on the
 Official Court Matrix attached.


*/s/ Paul N. Mascia*
Paul N. Mascia, Esq.